IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SOPHONIAS O. JAHENI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 105-164 |
| | ) |
| KEVIN ROBERTS, Warden, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed a petition under Title 28, United States Code, Section 2254. Respondent filed a motion to dismiss the petition on December 5, 2005. Doc. 6. Petitioner submitted a response to the motion on December 27, 2005. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that respondent's motion to dismiss, Doc. 6, be **GRANTED**, that this petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner seeks to challenge his February 26, 1998, state court conviction for armed robbery, highjacking a motor vehicle, kidnapping, and possession of a firearm during the commission of a crime. Petitioner appealed the conviction, but the appeal was dismissed on June 4, 2003. Petitioner's subsequent state petition for writ of habeas corpus was denied. Petitioner now has pending an application for a certificate of probable cause to appeal the

denial of state habeas relief and a motion for an out-of-time appeal in the trial court.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, claims brought in a federal habeas petition which were not raised in the petitioner's state habeas petition or on direct appeal are procedurally barred because the exhaustion requirement has not been met as to those claims. For example, a prisoner may not defeat the exhaustion requirement, by simply "letting the time run" until state remedies are no longer available. Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (quoting

O'Sullivan, 526 U.S. at 848); see also Teague v. Lane, 489 U.S. 288, 297-98 (1989) (failing to raise claim at trial or on direct appeal, thus forfeiting review of the claim in Illinois courts either on appeal or collateral review, bars claim from federal habeas review).

In addition, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court. Id.

The AEDPA, however, contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. See 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Here, there has been no express waiver. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district

3

courts must consider habeas petitions. See Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain standard for determining when federal court should dismiss petition on merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[1]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Moreover, as a matter of comity, the state courts must generally be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting

---

[1] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

4

from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972) (*per curiam*). In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

Although a federal habeas court in rare circumstances may deviate from the exhaustion requirement, such as in cases where the delay is unreasonable or otherwise unjustified, it would be inappropriate to discard the exhaustion requirement in petitioner's case. Petitioner's application for a certificate of probable cause to appeal was filed on May 12, 2005. His motion for a new trial was filed on April 29, 2005. The Court finds no unreasonable delay in petitioner's state court proceedings. Accordingly, his federal habeas petition should be dismissed without prejudice so that the state may have an adequate opportunity to address his habeas claims.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that respondent's motion to dismiss be **GRANTED**, that this case be **DISMISSED** without

prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

/s/ W. Leon Barfield
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE